UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSHUA SCHRAMM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLAYDOG SOFT CO., LTD., a foreign corporation,<br><br>Defendant. | Case No.  26-5514<br><br>**COMPLAINT – CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Class Action Complaint

Carter Arnett PLLC
8150 N Central Expy Suite 500
Dallas, Texas 75206
Tel: (214) 550-8185

Plaintiff Joshua Schramm ("Plaintiff") brings this case, individually and on behalf of all others similarly situated, against Defendant PlayDog Soft Co., Ltd. ("Defendant") to enjoin and obtain redress for Defendant's operation of illegal gambling game and unfair competition. Plaintiff alleges as follows:

<u>**NATURE OF ACTION**</u>

1.      Defendant is the developer, publisher, owner, operator and proprietor of the game called "Vegas Live Slots Casino."

2.      Consumers play Vegas Live Slots on Apple iOS devices and Android devices.

3.      On information and belief, Vegas Live Slots Casino launched in or around 2017.

4.      Vegas Live Slots Casino provides slot machines and other games of chance on players' mobile devices. Players wager virtual coins in the slot machines and other casino games in Vegas Live Slots Casino. Depending on the outcome, which is determined by chance, players either lose their wagered coins or win virtual coins.

5.      When a player loses all of their coins, they are unable to continue playing the slot machines and other games of chance in Vegas Live Slots Casino and are directed to purchase more coins to continue playing.

6.      Users can purchase additional packages of gold coins for prices ranging from $1.99 to $99.99.

7.      The outcomes of the games in Vegas Live Slots Casino are determined by chance.

8.      The coins wagered, lost and won by players playing the casino games in Vegas Live Slots Casino are identical to the coins that Defendant sells in the game. Thus, by wagering coins that consumers purchase, consumers have the chance to win additional coins that they would otherwise have to purchase.

9.      These coins extend players' privilege to continue playing the games of chance in Vegas Live Slots Casino.

10.      The Ninth Circuit in *Kater v. Churchill Downs Inc.*, 886 F.3d 784 (9th Cir. 2018) held that the mobile game Big Fish Casino constitutes illegal gambling under Washington law. The Court reached this conclusion, in part, on the basis that the virtual chips offered in Big Fish Casino were things

2

Class Action Complaint

of value because they extended the right of players to play the games in Big Fish Casino. Similarly, the coins in Vegas Live Slots Casino are things of value as they extend the right of players to play the slot machines and other games of chance therein.

11. On information and belief, Defendant profits from Vegas Live Slots Casino.

12. On information and belief, Defendant has received revenues in excess of $10 million from United States consumers, including significant revenue from Washington residents.

13. By operating Vegas Live Slots Casino, Defendant has violated Washington and other states' laws and illegally profited from thousands of consumers. Accordingly, Plaintiff, on behalf of himself and a Class of similarly situated individuals, brings this lawsuit to recover their losses.

## PARTIES

14. Plaintiff Joshua Schramm is a natural person who is domiciled in the state of Washington.

15. On information and belief, PlayDog Soft Co., Ltd. is headquartered in South Korea.

16. On information and belief, the address for the corporate office of PlayDog Soft Co., Ltd. is 15Fl., Nara Building, 1328-3, Seocho-dong, Seocho-gu, Seoul, South Korea.

17. On information and belief, PlayDog Soft Co., Ltd. participates in the development, operation, and publishing of Vegas Live Slots, including activities related to the slot machines and sale of virtual coins.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed classes is a citizen of a different state than Defendant.

19. This Court has personal jurisdiction over PlayDog Soft Co., Ltd., because it conducts substantial business and directs its activities into this District, including activities that form the basis for the claims here, and a substantial part of the acts and omissions complained of occurred in this District.

20. Defendant has purposefully directed its activities toward this District.

3

Class Action Complaint

Carter Arnett PLLC
8150 N Central Expy Suite 500
Dallas, Texas 75206
Tel: (214) 550-8185

21.    Defendant has purposefully availed itself of the privileges of conducting activities in this District.

22.    Plaintiff's claims arise out of and relate to Defendant's forum-related activities.

23.    The exercise of jurisdiction over Defendant is reasonable.

24.    On information and belief, Defendant localizes Vegas Live Slots Casino for each market where it is distributed, including the United States. This localization includes changes to the language and currency presented.

25.    On information and belief, Defendant has sold virtual items to hundreds, if not thousands, of Washington residents, including many instances of repeat purchases by the same customers, by contracting with the customers to sell coins and other goods/services in exchange for legal tender.

26.    Defendant, through Vegas Live Slots Casino, engaged in ongoing economic activity with at least hundreds of Washington residents.

27.    On information and belief, Defendant directly controls whether consumers in Washington can complete purchases from Vegas Live Slots Casino.

28.    On information and belief, Defendant has the capability to determine where its customers are from, including whether purchases are being made from Washington.

29.    On information and belief, Defendant has the capability to prevent Washington residents from completing purchases or placing wagers in Vegas Live Slots Casino, but has chosen to accept those purchases and wagers from Washington residents. For example, other gambling applications prevent transactions from residents of states where gambling is unlawful.

30.    On information and belief, Defendant has taken no steps to restrict Washington residents' access to Vegas Live Slots Casino or to restrict the ability of Washington residents to make purchases from Vegas Live Slots Casino.

31.    On information and belief, Defendant distributes Vegas Live Slots Casino, in part, via the Amazon Appstore and Microsoft Store.

32.    On information and belief, in order to distribute Vegas Live Slots Casino via the Amazon Appstore and Microsoft Store, Defendant entered into agreements with Amazon.com Services LLC and

4

Class Action Complaint

Carter Arnett PLLC
8150 N Central Expy Suite 500
Dallas, Texas 75206
Tel: (214) 550-8185

its affiliates and Microsoft Corporation and its affiliates. On information and belief, Amazon and Microsoft are headquartered in this District.

33.	On information and belief, in addition to Amazon, Defendant has entered into development agreements with Apple and Google for the distribution of Vegas Live Slots Casino. On information and belief, under each of those agreements, Defendant has accepted responsibility for the compliance of Vegas Live Slots Casino with federal and state laws, including those of Washington.

34.	Venue is proper in this District under 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Plaintiff's activities and losses in Vegas Live Slots Casino occurred in this District.

35.	In addition, venue is proper in this District under 28 U.S.C. §1391(b)(1) and §1391(b)(3), in that Defendant is subject to this Court's personal jurisdiction.

36.	Plaintiff alleges, upon information and belief, that Defendant conducts professional and commercial activities in Washington on a substantial, continuous, and systematic basis and therefore Defendant is subject to the general jurisdiction of the courts of this state.

37.	Plaintiff further alleges, upon information and belief, that the claims asserted in this complaint arise out of or are related to each of the Defendant's professional and commercial activities within Washington, and therefore the Defendant is subject to the specific jurisdiction of the courts of this state.

## FACTUAL ALLEGATIONS

38.	Defendant is a mobile gaming company with offices in South Korea.

39.	In or around 2017, Defendant launched the mobile game Vegas Live Slots in the United States.

**Vegas Live Slots Casino is an Unlawful Game of Chance**

40.	Users can download and play Vegas Live Slots Casino on Amazon, Apple, Microsoft and Android devices in the US.

41.	Defendant describes Vegas Live Slots as "a wholesome TOTAL CASINO experience set during the Golden Era of the Las Vegas Strip."

Class Action Complaint

Carter Arnett PLLC
8150 N Central Expy Suite 500
Dallas, Texas 75206
Tel: (214) 550-8185

42.     The primary gameplay in Vegas Live Slots Casino is slot machines and other casino games:



43.     On information and belief, the outcome of the slot machines and casino games in Vegas Live Slots Casino are determined by chance.

44.     Players wager coins in the games of chance in Vegas Live Slots Casino.

45.     Depending on the outcome of the slot machine or other casino game, players either lose their wagered coins or win coins.

46.     If a player runs out of coins, they must purchase additional coins to continue playing.

47.     For example, when a player tries to press the "SPIN" button to play the slot machine, but has insufficient coins remaining, Vegas Live Slots Casino presents an "out of coins" message and directs the player to purchase additional coins:

Class Action Complaint

Carter Arnett PLLC
8150 N Central Expy Suite 500
Dallas, Texas 75206
Tel: (214) 550-8185





48.     Washington defines "gambling" as "staking or risking something of value upon the outcome of a contest of chance or a future contingent event not under the person's control or influence, upon an agreement or understanding that the person or someone else will receive something of value in the event of a certain outcome." RCW 9.46.0237.

49.     Players of Vegas Live Slots Casino stake or risk something of value when playing the slot machines and casino games in Vegas Live Slots Casino. Specifically, players stake or risk virtual coins, including coins purchased with real money.

50.     "Contest of chance" means "any contest, game, gaming scheme, or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein." RCW 9.46.0225.

51.     The slot machines and casino games in Vegas Live Slots Casino are each a contest of chance.

52.     Chance plays a predominant factor in the outcome of the slot machine and casino games

Class Action Complaint

Carter Arnett PLLC
8150 N Central Expy Suite 500
Dallas, Texas 75206
Tel: (214) 550-8185

in Vegas Live Slots Casino.

53.    Washington defines "thing of value" to mean "any money or property, any token, object or article exchangeable for money or property, or any form of credit or promise, directly or indirectly, contemplating transfer of money or property or of any interest therein, or involving extension of a service, entertainment or a privilege of playing at a game or scheme without charge." RCW 9.46.0285.

54.    The coins in Vegas Live Slots Casino are things of value, because they provide an "extension of a service, entertainment or a privilege of playing a game or scheme without charge."

55.    Vegas Live Slots Casino seeks to simulate a Las Vegas casino and has all the same trappings as traditional casino slot machines and casino games, including graphics and sounds.

56.    Vegas Live Slots Casino is distributed through Amazon and Microsoft, headquartered in this District, and Apple Inc. and Google LLC, headquartered in California.

57.    Players of Vegas Live Slots Casino who make purchases within Vegas Live Slots Casino process their purchases through platform providers, including Amazon, Apple, and Google.

**Plaintiff's Experience with Vegas Live Slots Casino**

58.    In or around 2024, Plaintiff began playing Vegas Live Slots Casino through his Android device in Washington.

59.    Plaintiff downloaded Vegas Live Slots Casino from his residence in Washington.

60.    After losing his initial allocation of free coins, he began purchasing coins from Defendant for use in Vegas Live Slots Casino. He made multiple purchases in Vegas Live Slots Casino from Washington, which Defendant accepted. One such purchase was a coin package purchased on March 7, 2025 for $9.99 plus tax.

61.    Plaintiff lost the coins he purchased from Defendant by wagering them in the casino games in Vegas Live Slots.

62.    He placed and lost his wagers in Vegas Live Slots Casino from Washington.

## CLASS ACTION ALLEGATIONS

63.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of himself and the following proposed class:

8

Class Action Complaint

a)    **Washington Class:** All persons residing in the State of Washington who purchased and lost coins in Vegas Live Slots Casino.

64.    The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff reserves the right to define other exclusions from the Classes.

65.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence he would use to prove those elements in an individual action alleging the same claims.

66.    This action meets all applicable standards of Fed. R. Civ. P. 23 for class certification, in that Plaintiff can demonstrate the elements delineated below.

67.    **Numerosity**.  The members of the proposed Class are so numerous and geographically dispersed that individual joinder of all proposed class members is impracticable.  See Fed. R. Civ. P. 23(a)(1).  While Plaintiff believes that there are thousands of members of the proposed Class, the precise number of class members is unknown, but may be ascertained from Defendant's books and records and other third-party sources.

68.    On information and belief, Defendant maintains a list of users that includes personal information for the user including their email addresses or other personal identifier, whether they have made in-app purchases, which in-app purchases they have made and when those purchases were made.

69.    **Ascertainability**. The Class is ascertainable because its members can be readily identified using business records, and other information kept by Defendant in the usual course of business and within its control or Plaintiff and the class members themselves.

70.    On information and belief, Defendant also has the ability to send notices to its users

9

Class Action Complaint

through the user interface of Vegas Live Slots Casino.

71. On information and belief, the Classes are also ascertainable through third-parties, such as Apple and Google, using business records, and other information kept by such third parties, in the usual course of business.

72. Plaintiff anticipates providing appropriate notice to the Classes to be approved by the Court after class certification, or pursuant to court order.

73. **Commonality and Predominance**. This action involves common questions of law and fact, which predominate over any questions affecting individual class members. See Fed. R. Civ. P. 23(a)(2) and (b)(3). These include, without limitation:

    a. Whether the games in Vegas Live Slots Casino are "gambling" as defined by RCW §9.46.0237;

    b. Whether Defendant is the proprietor for whose benefit the unlawful gambling games are played;

    c. Whether Defendant violated the Washington Consumer Protection Act, RCW §19.86.010, *et seq*.;

    d. Whether Defendant engaged in the conduct alleged in the Complaint;

    e. Whether Defendant designed, advertised, marketed, distributed, sold, or otherwise placed Vegas Live Slots Casino into the stream of commerce in the United States and State of Washington;

    f. How the odds in the games of Vegas Live Slots Casino are determined or set;

    g. Whether Plaintiff and members of the Classes are entitled to damages due to Defendant's conduct as alleged in this Complaint, and if so, in what amounts;

    h. Whether Plaintiff and members of the Classes are entitled to equitable relief, including, but not limited to, restitution or injunctive relief as requested in this Complaint; and

    i. Whether Defendant has been unjustly enriched.

74. **Typicality**. Plaintiff's claims are typical of the putative class members' claims because, among other things, all such class members were comparably injured through Defendant's wrongful

10

Class Action Complaint

Carter Arnett PLLC
8150 N Central Expy Suite 500
Dallas, Texas 75206
Tel: (214) 550-8185

conduct as described above.  See Fed. R. Civ. P. 23(a)(3).

75.     Defendant's creation, display and operation of Vegas Live Slots Casino and its games is uniform for Plaintiff and all members of the Classes.

76.     **Adequacy**. Plaintiff is an adequate proposed class representative because his interests do not conflict with the interests of the other members of the proposed Classes he seeks to represent; because he has retained counsel competent and experienced in complex class action litigation; and because he intends to prosecute this action vigorously. The interests of the proposed Classes will be fairly and adequately protected by Plaintiff and his counsel. See Fed. R. Civ. P. 23(a)(4).

77.     **Declaratory and Injunctive Relief**. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the proposed Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the proposed Class as a whole. See Fed. R. Civ. P. 23(b)(2). Defendant's wrongful conduct alleged herein is grounded in the creation and dissemination of Defendant's offerings in Vegas Live Slots Casino, which are displayed and operate uniformly. Plaintiff's and the class members' injuries are real, immediate, and ongoing. Plaintiff and class members seek injunctive and declaratory relief from Defendant.

78.     **Superiority**. A class is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and putative class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the proposed Classes to individually seek redress for Defendant's wrongful conduct.

79.     Applying the principles of equity or balance of equities, expecting an individual plaintiff who is at a disadvantage with limited resources and spending capacity, and with minimal negotiating power, if any, to litigate claims against Defendant, a corporation generating millions of dollars in revenue that has immense resources, would be unfair. Class actions are a necessary and essential means to provide for public interest litigation with checks and balances to curtail deceptive practices by powerful private corporations, including Defendant.

11

Class Action Complaint

Carter Arnett PLLC
8150 N Central Expy Suite 500
Dallas, Texas 75206
Tel: (214) 550-8185

80.    There is no special interest in class members individually controlling the prosecution of separate actions. And even if class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and it increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. See Fed. R. Civ. P. 23(b)(3).

## FIRST CLAIM FOR RELIEF

### Violation of Revised Code of Washington §4.24.070

### (On behalf of the Washington Class)

81.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

82.    Plaintiff, members of the Washington Class, and Defendant are all "persons" as defined by RCW § 9.46.0289.

83.    Washington's "Recovery of money lost at gambling" statute, RCW 4.24.070, provides that "all persons losing money or anything of value at or on any illegal gambling games shall have a cause of action to recover from the dealer or player winning, or from the proprietor for whose benefit such game was played or dealt, or such money or things of value won, the amount of the money or the value of the thing so lost."

84.    "Gambling," defined by RCW § 9.46.0237, "means staking or risking something of value upon the outcome of a contest of chance or a future contingent event not under the person's control or influence."

85.    Coins sold for use in Vegas Live Slots Casino are "thing[s] of value" under RCW § 9.46.0285.

86.    The slot machines and casino games in Vegas Live Slots Casino are each illegal gambling games because they are online games at which players wager things of value (coins) and by an element of chance (e.g., the result of the slot machine spin) are able to obtain additional entertainment and extend gameplay (by winning additional coins).

87.    Defendant is the proprietor for whose benefit Vegas Live Slots Casino is played because

12

Class Action Complaint

it owns Vegas Live Slots Casino and operates it for Defendant's profit.

88.    Plaintiff and the Washington Class gambled when they purchased coins to wager in Vegas Live Slots Casino's games. Plaintiff and each member of the Washington Class staked money, in the form of coins purchased with money, at Defendant's game of chance for the chance of winning additional things of value (e.g., coins that extend gameplay without additional charge).

89.    In addition, Vegas Live Slots Casino and the games therein are not "pinball machine[s] or similar mechanical amusement device[s]" as contemplated by the statute because:

    a. the games are electronic rather than mechanical;

    b. the games confer replays but they are recorded and can be redeemed on separate occasions (i.e., they are not "immediate and unrecorded"); and

    c. the games contain electronic mechanisms that vary the chance of winning free games or the number of free games which may be won (e.g., the games alter the odds of winning levels).

90.    RCW § 9.46.0285 states that a "'Thing of value,' as used in this chapter, means any money or property, any token, object or article exchangeable for money or property, or any form of credit or promise, directly or indirectly, contemplating transfer of money or property or of any interest therein, or involving extension of a service, entertainment or a privilege of playing at a game or scheme without charge."

91.    The "coins" Plaintiff and members of the Washington Class had the chance of winning in Vegas Live Slots Casino are "thing[s] of value" under Washington law because they are credits that involve the extension of entertainment and a privilege of playing a game without charge.

92.    The "coins" Plaintiff and members of the Washington Class staked in Vegas Live Slots Casino are "thing[s] of value" under Washington law because they are credits that involve the extension of entertainment and a privilege of playing a game without charge.

93.    The games in Vegas Live Slots Casino are "Contest[s] of chance," as defined by RCW § 9.46.0225, because they are "contest[s], game[s], gaming scheme[s], or gaming device[s] in which the outcome[s] depend[] in a material degree upon an element of chance, notwithstanding that skill of the

13

Class Action Complaint

Carter Arnett PLLC
8150 N Central Expy Suite 500
Dallas, Texas 75206
Tel: (214) 550-8185

contestants may also be a factor therein." The games in Vegas Live Slots Casino are programmed to have outcomes that are determined to a material degree upon chance.

94. In addition, Vegas Live Slots Casino and the games therein are not "Amusement games" as defined by RCW § 9.46.0201 because:

 a. The outcome does not depend in a material degree upon the skill of the contestant;

 b. Merchandise is not the only prize awarded;

 c. The outcome is in the control of the operator, Defendant.

95. As a direct and proximate result of Defendant's gambling games, Plaintiff and each member of the Washington Class have lost money wagering at Defendant's games of chance.

96. Plaintiff, on behalf of himself and the Washington Class, seeks to recover all lost monies, interest, and reasonable attorneys' fees, expenses, and costs to the extent allowable.

## SECOND CLAIM FOR RELIEF

**Violations of Washington Consumer Protection Act RCW Chapter 19.86**

**(On behalf of Plaintiff and the Washington Class)**

97. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

98. Washington Consumer Protection Act RCW 19.86.020 states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

99. Washington Consumer Protection Act RCW Chapter 19.86 entitles Plaintiff and members of the Washington Class to a private right of action for damages and equitable relief. RCW 19.86.020; 19.86.090; 19.86.093.

100. Defendant develops, markets and operates Vegas Live Slots Casino throughout the United States, including Washington.

101. "In a private action in which an unfair or deceptive act or practice is alleged under RCW 19.86.020, a claimant may establish that the act or practice is injurious to the public interest because it: (1) Violates a statute that incorporates this chapter; (2) Violates a statute that contains a specific legislative declaration of public interest impact; or (3)(a) Injured other persons; (b) had the capacity to

14

Class Action Complaint

Carter Arnett PLLC
8150 N Central Expy Suite 500
Dallas, Texas 75206
Tel: (214) 550-8185

injure other persons; or (c) has the capacity to injure other persons." RCW 19.86.093.

102.    Defendant violated RCW § 9.46.010, et seq. which declares that: "The public policy of the state of Washington on gambling is to keep the criminal element out of gambling and to promote the social welfare of the people by limiting the nature and scope of gambling activities and by strict regulation and control. It is hereby declared to be the policy of the legislature, recognizing the close relationship between professional gambling and organized crime, to restrain all persons from seeking profit from professional gambling activities in this state; to restrain all persons from patronizing such professional gambling activities; to safeguard the public against the evils induced by common gamblers and common gambling houses engaged in professional gambling; and at the same time, both to preserve the freedom of the press and to avoid restricting participation by individuals in activities and social pastimes, which activities and social pastimes are more for amusement rather than for profit, do not maliciously affect the public, and do not breach the peace."

103.    Defendant has violated RCW § 9.46.010, et seq., because Vegas Live Slots Casino offers illegal online gambling games.

104.    Defendant's wrongful conduct occurred in the conduct of trade or commerce, namely, while Defendant was engaged in the operation of making computer games available to the public.

105.    Defendant's acts and practices were and are injurious to the public interest because Defendant, in the course of its business, continuously advertised to and solicited the general public in Washington State and throughout the United States to play their unlawful online gambling games of chance. This was part of a pattern or generalized course of conduct on the part of Defendant, and many consumers have been adversely affected by Defendant's conduct and the public is at risk.

106.    Defendant has profited immensely from its operation of unlawful games of chance and related conduct, amassing millions of dollars from the losers of its games of chance.

107.    As a result of Defendant's conduct, Plaintiff and the class members were injured in their business or property—i.e., economic injury—in that they lost money wagering on Defendant's unlawful games of chance.

108.    Defendant's unfair or deceptive conduct proximately caused Plaintiff's and the class

15

Class Action Complaint

members' injuries because, but for the challenged conduct, Plaintiff and the class members would not have purchased items in Vegas Live Slots Casino or lost money wagering at or on Defendant's games of chance, and they did so as a direct, foreseeable, and planned consequence of that conduct.

109.    Plaintiff, on his own behalf and on behalf of the Washington Class, seeks to recover actual damages and treble damages, together with the costs of suit, including reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF

### Unjust Enrichment

### (By Plaintiff, individually and on behalf of the Washington Class)

110.    Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

111.    Plaintiff and the Classes have conferred a benefit upon Defendant in the form of the money Defendant received from them for the purchase of coins in Vegas Live Slots Casino.

112.    Defendant appreciates and/or has knowledge of the benefits conferred upon it by Plaintiff and the Class.

113.    Under principles of equity and good conscience, Defendant should not be permitted to retain the money obtained from Plaintiff and the members of the Class, which Defendant has unjustly obtained as a result of its unlawful practices in connection with Vegas Live Slots Casino.

114.    As it stands, Defendant has retained millions of dollars in profits generated from Vegas Live Slots Casino and should not be permitted to retain those ill-gotten profits.

115.    Accordingly, Plaintiff and the Classes seek full disgorgement and restitution of any money Defendant has retained as a result of the unlawful and/or wrongful conduct alleged herein.

### PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the proposed Class, prays for relief and judgment against Defendant as follows:

A.    Certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as representative of the Class, and designating Plaintiff's counsel as

16

Class Action Complaint

Carter Arnett PLLC
8150 N Central Expy Suite 500
Dallas, Texas 75206
Tel: (214) 550-8185

class counsel;

B.    Awarding Plaintiff and the class members compensatory damages and actual damages to be determined by proof;

C.    Awarding Plaintiff and the class members appropriate relief, including actual and statutory damages;

D.    For punitive and treble damages;

E.    For civil penalties;

F.    For declaratory and equitable relief, including restitution and disgorgement;

G.    For an order enjoining Defendant from continuing to engage in the wrongful acts and practices alleged herein;

H.    Awarding Plaintiff and the class members the costs of prosecuting this action, including expert witness fees;

I.    Awarding Plaintiff and the class members reasonable attorneys' fees and costs as allowable by law;

J.    Awarding pre-judgment and post-judgment interest; and

K.    Granting any other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

DATED: May 15, 2026

/s/ Omer Salik
Omer Salik (WA Bar No. 60433)
osalik@carterarnett.com
Carter Arnett PLLC
8150 N. Central Expressway
Suite 500
Dallas, TX 75206
Tel: (214) 550-8183

*Attorneys for Plaintiff*

17

Class Action Complaint

Carter Arnett PLLC
8150 N Central Expy Suite 500
Dallas, Texas 75206
Tel: (214) 550-8185